UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| GEORGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:20-cv-6 |
| | ) | |
| CENTURION OF VERMONT, LLC and JANE DOE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING
REPORT AND RECOMMENDATION,
GRANTING DEFENDANT CENTURION'S MOTION
FOR SUMMARY JUDGMENT, AND DISMISSING DEFENDANT DOE**
(Docs. 54, 59)

Before the court is Magistrate Judge Kevin Doyle's September 13, 2022 Report and Recommendation ("R & R"). In the R & R, the Magistrate Judge recommends granting Defendant Centurion of Vermont, LLC's—a former health services contractor for the Vermont Department of Corrections ("DOC")—motion for summary judgment on Plaintiff George Smith's Amended Complaint. (Doc. 54.) In this 42 U.S.C. § 1983 action, Plaintiff alleges that when he entered DOC custody in January 2019, he had an existing injury consisting of broken bones in his fingers and claims that Centurion and Defendant Jane Doe, a DOC correctional officer, violated his Eighth Amendment rights by failing to provide adequate medical care. (Doc. 26.) He seeks monetary damages. *Id.* at 7, ¶ 29. Plaintiff timely filed an objection to the R & R and Centurion responded. (Docs. 60, 61.)

For the reasons discussed below, the R & R is adopted in full for the reasons stated in the R & R, Defendant Centurion's motion for summary judgment is GRANTED, and Defendant Doe is DISMISSED.

## Background

Plaintiff, representing himself, initiated this action with a Complaint dated September 18, 2019, and filed together with his motion for leave to proceed in forma pauperis ("IFP") on January 6, 2020. (Docs. 1, 1-4.) On January 13, 2020, former Magistrate Judge John Conroy granted Plaintiff's IFP motion and his Complaint was docketed. (Docs. 4, 5.) Defendants Centurion and former DOC Commissioner Michael Touchette moved to dismiss the Complaint shortly thereafter. (Doc. 15.) Magistrate Judge Conroy issued an R & R on August 12, 2020 recommending that the unopposed motion be granted because, among other reasons, non-exhaustion of administrative remedies was evident on the face of the Complaint and, with respect to Centurion, because Plaintiff did not allege that the medical decisions made with regard to his fingers were the result of a policy or custom promulgated by Centurion. (Doc. 16.)

Plaintiff timely objected to the R & R and attached copies of Vermont DOC grievance forms in support of his argument that Defendants misrepresented that he had not exhausted his remedies. (Doc. 19.) Defendants responded. (Doc. 20.) On November 18, 2020, the court adopted in part and rejected in part Magistrate Judge Conroy's recommendations. Particularly, the court determined that, in light of the delay in filing the Complaint, and Plaintiff's submission of further grievance documentation, the defendants had not carried their burden to demonstrate that Plaintiff failed to exhaust his administrative remedies. The court, however, accepted the recommendation that Plaintiff failed to allege a plausible claim of liability against Centurion and granted the motion to dismiss.

Notwithstanding the dismissal of the claims against the DOC Commissioner and Centurion, to assist Plaintiff in determining the identity of those directly responsible for his allegedly inadequate medical care, the court ordered defendants to release to Plaintiff all reports regarding his medical care. The court also allowed the filing of an Amended Complaint.

2

Finding that the appointment of counsel would be more likely to lead to a just determination in this matter, and that Plaintiff's ability to investigate the crucial facts would be aided by counsel, the court appointed Attorney David Bond as counsel for Plaintiff. (Docs. 23, 24.) The court is grateful for his time and effort in this case.

Following the provision of the medical information, Plaintiff filed his Amended Complaint alleging claims against Centurion and Doe on February 16, 2021. (Doc. 26.) On March 2, 2021, Centurion filed its Answer. (Doc. 27.) Following an extended discovery period, on January 14, 2022, Centurion moved for summary judgment on Plaintiff's claim. (Doc. 54.) Plaintiff opposed the motion (Doc. 57) and Centurion submitted a reply together with additional exhibits including a Vermont DOC Assessment of Health Care System Costs dated January 15, 2019 (Docs. 58, 58-2). On September 13, 2022, Magistrate Judge Doyle issued his R & R recommending that Centurion's motion for summary judgment be granted. (Doc. 59.) Plaintiff timely filed an objection to the R & R and Centurion responded. (Docs. 60, 61.)

## Analysis

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

In the twenty-eight page September 13, 2022 R & R, Magistrate Judge Doyle concluded that "the evidence is insufficient to demonstrate that Centurion violated the Eighth Amendment by acting with deliberate indifference to Smith's serious medical needs, or by employing prison staffing and other policies that caused him to receive constitutionally inadequate medical care

due to unreasonably long delays in the provision of services." (Doc. 59 at 27–28.) Accordingly, he recommends that Centurion's motion for summary judgment be granted.

I. **Parties' Responses to R&R**

A. **Smith's Objection**

Plaintiff timely filed an objection to the R & R. (Doc. 60.) He asserts that because Plaintiff has both a broken finger and "something more," including daily chronic pain and a partial permanent loss of function in his dominant hand that significantly affects his daily activities, his injury was objectively sufficiently serious to merit protection under the Eighth Amendment. *Id.* at 5–7. Further, Centurion's delay in having Plaintiff seen by a medical provider and the subsequent provision of x-rays and appointments with outside orthopedic providers "came too late to do any good." *Id.* at 8. Plaintiff also argues the Magistrate Judge improperly weighed the testimony of an outside medical provider against that of Centurion's medical expert, contending that the credibility of witnesses and the weight of evidence are matters for a jury to determine. *Id.* at 9.

Plaintiff further argues that the testimony of Centurion's own employees establishes that the facility at which Plaintiff was incarcerated "suffered from chronic understaffing under Centurion, which led to long delays in seeing patients." *Id.* Plaintiff claims that "Centurion is not excused from liability [] because its contract with [Vermont] may have established *minimum* safety levels." *Id.* at 10. He states:

> Once Plaintiff was in DOC custody, responsibility for assessing his injuries and providing appropriate care and treatment fell solely to Centurion. At the time he came under Centurion's care, surgical intervention would have benefited [Plaintiff]. It was Centurion's obligation to assess the injury and, insofar as the providers were not qualified to provide a treatment recommendation, refer him to someone who was. But no qualified provider even saw [Plaintiff] for over three weeks.

4

*Id.* Plaintiff maintains there are triable issues of fact that preclude summary judgment and requests the court reject the R & R and deny Centurion's motion.

### B. Centurion's Response

Centurion filed a response to Plaintiff's objection to the R & R requesting that the court approve the R & R and determine that Plaintiff's finger injuries were not sufficiently serious. (Doc. 61 at 5.) Centurion also asserts the Magistrate Judge properly considered the evidence and "reviewed the testimony in the light most favorable to Plaintiff." *Id.* at 6. Finally, Centurion argues that Plaintiff cannot establish that it had a policy of chronic understaffing. *Id.* at 7–8.

## II. Review of R & R

In his R & R, Magistrate Judge Doyle recommends that the court find that Plaintiff cannot prevail on his claim that Centurion was "deliberately indifferent . . . to [his] existing serious medical needs." *Estelle*, 429 U.S. at 104. The court agrees. Although Plaintiff laments that the care Centurion provided "came too late to do any good," the first indication from a medical provider that surgery could have helped Plaintiff's injured finger was over four months after his incarceration. (Doc. 54-18 at 32.) Even if Plaintiff's position is that Centurion providers failed to accurately or timely diagnose his condition, he must demonstrate "more than an inadvertent failure to provide adequate medical care by prison officials." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (cleaned up); *see also Estelle*, 429 U.S. at 105–06 (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim). Because "[n]ot every lapse in prison medical care will rise to the level of a constitutional violation," *Smith*, 316 F.3d at 184, resolving all ambiguities and drawing all factual inferences in favor of Plaintiff, Plaintiff has failed to raise a genuine issue of fact as to whether any Centurion official either knew of or disregarded an excessive risk of harm to Plaintiff in the absence of

surgery on his finger, either by policy or practice, or by the care administered which is detailed in the R & R. *See* Doc. 59 at 19.

Because a "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial[,]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), Centurion's motion for summary judgment must be GRANTED.

### III.    Eighth Amendment Claim against Defendant Doe

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(l)(1) requires proof of service be made to the court. When "Doe" defendants have not been served or otherwise appeared in the action within the Rule 4 time period, however, "the court does not acquire jurisdiction over the defendant, and the plaintiff's complaint should be dismissed as against that defendant." *See, e.g.*, *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 S.D.N.Y. 1989) (citing *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45 (1946)) (court lacks jurisdiction until defendants properly served with summons and complaint). Therefore, "[d]ismissal of a claim is appropriate where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve [] Doe defendants but has failed to do so." *Pilgrim v. LaValley*, No. 9:11–CV–1331, 2016 WL 1714576, at *6 (N.D.N.Y. Mar. 30, 2016) (cleaned up).

Plaintiff has not notified the court of service of the Amended Complaint on Defendant Doe and she has not entered an appearance. Thus, the court lacks jurisdiction over her. As it has been almost two years since the Amended Complaint was filed, the court finds that Plaintiff has had ample opportunity to identify and serve Defendant Doe. Because Plaintiff has failed to do so, Plaintiff's claim against Defendant Doe is DISMISSED.

## CONCLUSION

For the reasons discussed, after careful review of the file, the Report and Recommendation, and the parties' subsequent filings, this court ADOPTS in full Magistrate Judge Doyle's recommendations (Doc. 59). Accordingly, Centurion's Motion for Summary Judgment (Doc. 54) is GRANTED. Further, the claim against Defendant Doe is DISMISSED for lack of jurisdiction given Plaintiff's failure to serve process as required by Federal Rule of Civil Procedure 4(m). The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of March 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court